```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NOS. 2:07-00064
                                                     2:08-00197
                                                     3:11-00183

**JIMMIE WADE LEMASTER, JR.**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On June 9, 2021, the United States of America appeared by Nicholas M. Miller, Assistant United States Attorney, and the defendant, Jimmie Wade Lemaster, Jr., appeared in person and by his counsel, John J. Balenovich, Esq., for a hearing on a petition, amended petition, and second amended petition, filed in each of the above criminal actions, seeking revocation of supervised release in each of the criminal actions, submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a concurrent thirty-six (36) month term of supervised release in these actions on August 31, 2018, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court in criminal actions 2:07-00064 and 2:08-00197, on February 8, 2012, and Judgment in a Criminal Case

entered by the court in criminal action 3:11-00183, on February 8, 2012.

The court heard the admissions of the defendant and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in each criminal action in the following respects:  (1) in violation of the condition of his supervised release to not commit another federal, state, or local crime, the defendant committed the state law offenses of disorderly conduct on September 10, 2018, and of domestic battery of Ms. Hively and of domestic battery of Ms. Basham on September 15, 2020, and on the same date, obstruction of an officer of the law; (2) on September 1, 2020, the defendant was in unlawful possession a controlled substance when he consumed approximately 60 Neurontin medication pills that were prescribed to his mother, Lora Hively, doing so without her permission, and (3) on July 13, 2020, July 22, 2020, August 13, 2020 and August 27, 2020, the defendant failed to report for urine screens as instructed by the probation officer;

all as set forth in the petition and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release in each criminal action and, further, that it would unduly depreciate the seriousness of the violations if supervised release in each of the three criminal actions was not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in criminal action numbers 2:07-00064, 2:08-00197 and 3:11-0183, be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of ELEVEN (11) MONTHS in criminal action no. 2:07-00064; ELEVEN (11) MONTHS in criminal action no. 2:08-00197, and ELEVEN (11) MONTHS in criminal action no. 3:11-00183, which terms of imprisonment shall all run concurrently with each other,

resulting in a total period of ELEVEN MONTHS imprisonment, to be followed by a term of TWO (2) YEARS of supervised release for each criminal action no. 2:07-00064, 2:08-00197, and 3:11-00183, which terms of supervised release shall run concurrently with each other, and upon the same terms and standard conditions of supervised release as heretofore.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: July 27, 2021

John T. Copenhaver, Jr.
Senior United States District Judge